UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| GIFFORD CHANEY and MARIA GONZALEZ on Behalf of themselves and All Others Similarly Situated, § § § § **Plaintiffs,** § § v. § § U-HAUL INTERNATIONAL, INC. and U-HAUL COMPANY OF TEXAS § § § § **Defendants.** § | CIVIL ACTION NO. 3:14-cv-178 JURY TRIAL DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT, COLLECTIVE ACTION AND JURY DEMAND**

**SUMMARY**

1. Congress designed the Fair Labor Standard Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA establishes overtime requirements for covered employees. 29 U.S.C. § 207(a). The FLSA enforcement mechanisms prevent employers from pilfering away the salary rightfully earned by their employees.

2. Defendants U-Haul International, Inc. and U-Haul Company of Texas (hereinafter collectively referred to as "Defendants") require and/or permit various employees to work in excess of forty hours per week, but refuse to compensate them for such hours at the overtime rate.

3. Consequently, Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work. *See* 29 U.S.C. § 207(a).

4. Plaintiffs Gifford Chaney and Maria Gonzalez (hereinafter referred to as "Plaintiffs") are hourly workers formerly employed with Defendants. Defendants have violated and continue to violate the FLSA by failing to compensate Plaintiffs for all hours worked over forty at the FLSA mandated rate of time and one half their regular rate of pay.

5. Defendants likewise did not pay proper overtime to other similarly situated workers throughout the United States. Plaintiff brings this collective action to recover unpaid overtime compensation owed to them and on behalf of all other similarly situated employees, current and former, who worked for Defendants any time during the three years prior to the filing of this lawsuit. Members of the Collective Action are hereinafter referred to as "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, Gifford Chaney, is an individual residing in Galveston County, Texas. Said Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

9. Plaintiff, Maria Gonzalez, is an individual residing in Galveston County, Texas. Said Plaintiff's written consent form to this action is attached hereto as Exhibit "B."

10. The Class Members are Defendants' current and former non-exempt employees working at one or more of Defendants' locations in the United States.

11. Defendant U-Haul International, Inc. is foreign corporation doing business in the jurisdiction of this court. This Defendant does not maintain a registered agent in this state.

Defendant may be served through its registered agent for service at CT Corporation System, 2390 East Camelback Road, Phoenix, Arizona 85016 or by substituted service on the Texas Secretary of State under the Long-Arm statute pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041, *et seq*.

12. This Court has personal jurisdiction over Defendant U-Haul International, Inc. because it has purposefully availed itself of the privileges of conducting its business activities in the state of Texas. U-Haul International, Inc. has established minimum contacts sufficient to confer jurisdiction over it, and the assumption of jurisdiction over U-Haul International, Inc. will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over U-Haul International, Inc. is, therefore, consistent with the constitutional requirements of due process.

13. U-Haul International, Inc. employs dozens of Texas citizens and conducts business from its facilities located throughout the state, including, but not limited to, Corpus Christi, Houston, and Dallas, Texas.

14. The causes of action in this suit arise from and relate to the contacts of U-Haul International, Inc. with the state of Texas, specifically, U-Haul International Inc.'s employment of Texas citizens, and its subsequent failure to pay those citizens in accordance with the FLSA.

15. Defendant U-Haul Company of Texas is a domestic for-profit corporation authorized to do business in the State of Texas and may be served through its registered agent as follows: CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**FLSA COVERAGE**

16. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

17.     At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

18.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

19.     At all material times, Plaintiffs and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

20.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

21.     Defendants represent themselves to the general public as one company: "U-Haul," operating at multiple locations.  They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name.  Defendants advertise together on the same website, provide the same array of services to its customers, and use the same business model.  These facts represent a classic example of "corporate fragmentation."

22.     Additionally, Defendants are subject to common control and management.

23.     Thus, Defendants formed a "single enterprise" and are each liable for the violations of the other.

24.     Moreover, Defendants formed a joint employment relationship with respect to the Plaintiffs and Class Members.

25.     Defendants had an interrelation of operations between the companies, centralized control of labor relations, common control, and a common business purpose.

26.     Defendants controlled the hours to be worked by Plaintiffs and Class Members.

4

27. Defendants had a common business purpose to provide rentals of moving vehicles, as well as storage unit services, throughout the United States to its customers.

28. Defendants' operations were unified and Defendants shared control over the work of Plaintiff and Class Members. Thus, Defendants are each directly liable for the violations in this case.

## FACTS

29. Defendants U-Haul International, Inc. and U-Haul Co. of Texas provide truck, trailer, and hitch rental services, as well as storage unit services, to customers throughout the United States.

30. Defendants employ residential, or live-in, "managers" and "assistant managers" to oversee the day-to-day operations of its "Small Storage Centers."

31. Defendants pay these residential, or live-in, managers and assistant managers on an hourly basis.

32. Defendants classify these residential, or live-in, managers and assistant managers as hourly, non-exempt employees.

33. These residential, or live-in, managers and assistant managers, including Plaintiffs and Class Members, are permitted and/or required to oversee all aspects of the storage center, including storage transactions, customer service, rentals, record-keeping, and security.

34. The work duties of the residential, or live-in, managers and assistant managers frequently require them to perform work in excess of forty hours in a workweek. Prior to opening the facility each day, Plaintiffs and Class Members are and were required to unlock the property, process overnight vehicle drop-offs, and prepare vehicles for early pick-ups. Plaintiffs and Class Members are also required to keep the business open during normal business hours,

typically from 7:00 a.m. to 7:00 p.m., assisting customers with renting moving vehicles and storage units, selling Defendants' moving supplies inventory, maintaining and cleaning vehicles, and processing paperwork. Plaintiffs and Class Members are not able to complete these responsibilities within a forty hour workweek.

35. Defendants also provided Plaintiffs and Class Members with a list of duties to be completed during off-hours, such as cleaning the facility doors and vehicles. In addition, many of Plaintiffs' and Class Members' responsibilities require attention after normal business hours. This includes taking calls in the middle of the night to assist Defendants' customers.

36. Although Defendants' employees frequently worked more than forty hours per week, they were subject to a company-wide practice of not being compensated at the FLSA mandated overtime rate. In fact, Plaintiffs and Class Members were frequently suffered or permitted to work "off the clock," and received no compensation at all for the hours worked over forty in a workweek.

37. The FLSA requires that employers compensate their employees who work more than forty hours per week at a rate of "one and one-half times the regular rate." 29 U.S.C. § 207(a).

38. Section 207(e) defines the term "regular rate" broadly to include "all remuneration for employment paid to, or on behalf of, the employee."

39. Accordingly, the reasonable cost or fair value of all meals and lodging provided by an employer must be added to the cash wages when calculating an employee's regular rate. 29 C.F.R. § 778.116; 29 C.F.R. § 778.202.

40. As part of their compensation, Defendants provided Plaintiffs with rent-free lodging at the storage center facility.

41. Therefore, Defendants are required to incorporate the fair market value of this lodging into Plaintiffs' regular rate for purposes of calculating their overtime compensation.

42. Class Members were subject to the same payroll practice.

43. Defendants' method of paying Plaintiffs and Class Members was willful and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiffs have actual knowledge that Class Members have been denied overtime pay for hours worked over forty in a week and want to join this collective action.

45. Class Members worked over forty hours per week, but were not paid for such time.

46. Class Members were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty in a workweek.

47. Consequently, Defendants have denied Class Members full compensation for their hours worked over forty.

48. Class Members perform or have performed the same or similar work as Plaintiffs.

49. Class Members are not exempt from receiving overtime under the FLSA.

50. As such, Class Members are similarly situated to Plaintiffs in terms of work similarities, pay structure and/or the denial of overtime.

51. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

52. Plaintiffs' experiences, with respect to their pay, are typical of the experiences of the Class Members.

53. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

54. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

55. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

56. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **All current and former U-Haul residential, or live-in, employees who worked for Defendants during the three year period prior to the filing of this complaint to the present.**

## PLAINTIFFS' OVERTIME WAGE CLAIM (COLLECTIVE ACTION)

57. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

58. Defendants' practice of failing to pay Plaintiffs and Class Members the time-and-a-half rate for hours in excess of forty per workweek violates the FLSA. 29 U.S.C. § 207.

59. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs and Class Members.

## DAMAGES SOUGHT

60. Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

61. Plaintiffs and Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

62. Plaintiffs and Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

63.     Plaintiffs and Class Members hereby demand trial by jury on all issues.

## PRAYER

64.     For these reasons, Plaintiffs respectfully request judgment to be entered in their favor, awarding them and the Class Members the following relief:

   A.   Unpaid overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   B.   An equal amount of unpaid wages as liquidated damages as required under the FLSA;

   C.   Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

   D.   Pre-judgment and post judgment interest at the highest rates allowed by law;

   E.   An order requiring Defendants to correct their pay practices going forward; and

   F.   Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ *David W. Hodges*
     David W. Hodges
     dhodges@kennedyhodges.com
     Texas State Bar No. 00796765
     Federal Bar No. 20460
     711 West Alabama St.
     Houston, Texas 77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL
Galvin B. Kennedy
gkennedy@kennedyhodges.com
Texas State Bar No. 00796870
Federal Bar No. 20791
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

OF COUNSEL
Mark O. Midani
mmidani@mhclaw.net
Texas State Bar No. 14013250
Federal Bar No. 17569
Tobias A. Cole
tcole@mhclaw.net
Texas State Bar No. 24007021
Federal Bar No. 23891
MIDANI, HINKLE & COLE, L.L.P.
10497 Town and Country Way, Ste. 530
Houston, TX 77024
Telephone: (713) 871-1001
Facsimile: (713) 871-1054